## ALLEN *vs.* THE AUGUSTA FACTORY.

It was not criminal negligence in a corporation not to give warning to the master-machinist employed in their establishment that there was danger of fire in the gas-room, or that there was danger that the wall or walls would fall in case fire occurred, it not being alleged that he was ignorant of the danger or of the causes which produced it.

November 28, 1888.

Master and servant. Negligence. Pleadings. Before Judge RONEY. Richmond superior court. April term, 1888.

Reported in the decision.

W. D. TUTT, W. C. BENET and J. S. & W. T. DAVIDSON, by J. R. LAMAR, for plaintiff.

J. B. CUMMING, J. C. C. BLACK and BRYAN CUMMING, for defendant.

BLECKLEY, Chief Justice.

Frances E. Allen brought suit against the Augusta Factory, making the following allegations: William C. Allen, her husband, a machinist by trade, forty-four years of age, in good health and of strong constitution, and whose services were worth three and a half dollars per day, was employed by the defendant as master-machinist, and was under the superintendence and control and subject to the orders of Francis Cogin, defendant's

superintendent. On the night of March 5, 1886, a fire occurred in the gas-room, and plaintiff's husband was ordered by Cogin (the execution of which order was in the line of Allen's duty) to break down the door of the gas-room, the interior of which was at that time burning; and in the execution of the order, and without any fault whatever on his part, the front wall of the room fell upon him, in consequence of which and in a few hours thereafter he died. The gas-room was originally covered with a wooden roof, but the roof having several times been burned away, defendant, not regarding the safety of its employés, though well knowing that the walls had been injured and weakened by the several fires that had previously occurred, and well knowing that the walls and gables were barely sufficient to sustain a wooden roof, nevertheless, being criminally negligent of the safety of its employés, placed upon these walls previously injured and weakened as stated, and upon the gables only four inches thick, a heavy wrought iron roof supported by heavy wrought iron girders, which, when heated, would expand, and when the rosin and other combustible material stored in the gas-room were ignited, the iron girders expanded, and in consequence of this expansive force, which had but a thin four-inch gable to resist it, the wall fell outwardly and killed plaintiff's husband while executing the lawful commands of defendant's superintendent, to the damage of plaintiff $20,000. Defendant, having in charge the care and safety of its employés, was bound to provide safe buildings and machinery in and with which its employés were called upon to work, and it became defendant's duty to see and know that said gas-house was a safe building, as well in case of a fire as when there was no fire ; and being well aware of the fact that a gas-room, on account of its being constantly stored

with rosin and other combustible material, was in constant danger of being burned, it became the duty of defendant to provide a gas-room which would at all times be safe and secure, and whose walls would stand the ravages of fire, especially as it knew that fires had several times occurred in said gas-room. Defendant, being well acquainted with all these facts, and not regarding its duty, was guilty of gross and criminal negligence in not repairing the walls of said room before that time injured and weakened by fires, and in substituting for said wooden roof said heavy wrought iron roof which made said walls top-heavy and liable to fall in case of fire; and defendant, well knowing, or being in duty bound to know, the dangerous condition of said walls, should have warned its employés of the danger to which they were subjected, but instead of so warning them, defendant, while said gas-room was in flames, ordered her husband to batter down and break in the door of said room; and in the execution of said order, without any fault whatever on his part, and through the criminal negligence of defendant, said wall fell upon and killed him.

To the declaration defendant filed a general demurrer at the appearance term, suggesting that the matters alleged were not sufficient in law. The demurrer was sustained, and the plaintiff excepted.

Nowhere is it alleged that the master-machinist was any less fully informed of the condition of the building, or of the facts which rendered it insecure in time of fire, than was the defendant. It does not appear that his employment was recent, or that the previous fires which had weakened the walls occurred before his connection with the establishment. For aught that is alleged, it might be that some of the machinery over which he had supervision was in or connected with the

gas-room. It seems that he bore such a relation to that room as made it a part of his business to break open the door in case of fire; for it is averred that to do so by order of the superintendent was in the line of his duty. And as to the superintendent, there is no intimation that his knowledge was either more or less than that of Allen, the machinist. It is consistent with the declaration to assume that the defendant, the superintendent and the machinist were all upon an equal footing in respect to information, there being no suggestion to the contrary. We can see nothing which would fix criminality for the homicide, either upon the superintendent, or any other officer or agent of the corporation. And according to previous rulings of this court, justifiable homicide in such a case as this does not afford a right of action in favor of the widow of the deceased. *Daly vs. Stoddard*, 66 *Ga.* 145; *McDonald vs. Eagle & Phenix Company*, 67 *Ga.* 761; same case, 68 *Ga.* 139. These authorities, whether sound or unsound, are not to be departed from, when, as in the present case, only two members of the court preside. *Central Railroad vs. Roach*, 70 *Ga.* 434. The declaration contains no suggestion that there was any unsafety in the use of the building or of the gas-room for the purposes for which they were constructed. It was only when fires prevailed that there was danger. In the nature of things, fire is always attended with more or less danger, and is itself a warning to beware.

The allegation that the deceased was without fault, is too general and too much in the nature of a legal conclusion to serve as a substitute for the proper allegation of his want of knowledge. If he was ignorant, that was a specific fact upon which issue could be taken; and if it was true, there could be no good reason why it was not alleged. The omission to allege it is better accounted for on the theory that it did not exist than on

any other.  Our law requires that the cause of action shall be "plainly, fully and distinctly" set forth; and the rule is that pleadings shall be taken most strongly against the pleader.

The court did not err in sustaining the demurrer to the declaration.

Judgment affirmed.