## The Augusta Factory v. Hill.

No ground for demurrer to action by widow for homicide of husband employed in factory, by fire therein.

November 18, 1889.

Torts.   Actions.   Demurrer.   Husband and wife. Master and servant.   Before Judge Roney.   Richmond superior court.   April term, 1889.

The body of the declaration of Mrs. Hill was as follows :

"1. For that whereas heretofore, to wit, on the 5th day of March, 1886, her husband, Marson E. Hill, who at said date was fifty-two (52) years of age, in good health and of strong constitution, and who was receiving at said date, and whose services were worth at said date, the sum of four dollars and fifty cents ($4.50) per day, was employed by the said The Augusta Factory as yard-master, and while so employed, was under the control, superintendence, orders and directions of Francis Cogin, who was at the time superintendent of said The Augusta Factory.

"2. And your petitioner would further show that on the night of the 5th day of March, 1886, a fire took place in the gas-room of said defendant in the city of Augusta, county and State aforesaid, and said Marson E. Hill, being then in the employ of said defendant and subject, as aforesaid, to the control and orders of said Francis Cogin, superintendent as aforesaid, was ordered by said superintendent to break down the door of said gas-room, the interior of which was at said time burning.   The execution of said order was in the line of duty of said Marson E. Hill, but not by reason of any duties which he was employed to perform in connection with the making of gas or with said gas-house, but it was in the line of his duty as an employé of defendant to obey the orders of its superintendent in trying to save its property from loss or destruction in case of emergency, such as existed at the time of the order.

"3. Your petitioner would further show that in the execution of said order of said superintendent, her said husband being ignorant of the causes which produced said fire, and ignorant that there was danger of fire in the gas-room, and ignorant as to the defects and weak condition of the roof and walls as herein described, and ignorant as to the liability of the walls of said gas-room to fall in case of fire therein by reason of said defects, all of which was known to said superintendent, and being therefore entitled to warning from said superintendent and corporation as to said dangers, but receiving none, without any fault or negligence on the part of said Marson E. Hill, the front wall of said gas-house fell upon him, burying him beneath its ruins and so

wounding, bruising and injuring him that, from the effects of said wounds, he then and there died on the said 5th day of March, 1886.

"4. And your petitioner would further show that said gas·room of said defendant was originally covered with a wooden roof, but said roof having been several times burned away, the said defendant without regard to the safety of its employés, although well knowing that the walls of said gas-house had been weakened and injured by the several fires which had occurred, and that said building by reason thereof had become unsafe for use as a gas-house, all of which was unknown to Marson E. Hill; and also well knowing that said walls and gables were hardly sufficient to sustain a wooden roof, all of which was unknown to Marson E. Hill; nevertheless being criminally negligent of the safety of its employés and of your petitioner's husband, placed upon said walls thus previously injured and weakened by said several fires, and upon said gables which were only four inches thick, a heavy wrought-iron roof supported by heavy wrought-iron girders which, when heated, were subject to great expansion.

"5. And your petitioner would further show that when rosin and other combustible materials stored in said gas-room, were ignited, the iron girders expanded, causing the walls to fall outwardly upon your petitioner's husband, at the time he was engaged in performing his duty and executing the lawful commands of the superintendent of said defendant, his death having been caused through the criminal negligence of said defendant in its failure to have the walls of said building of sufficient strength to support the iron roof, and in failing to have the roof properly supported, and the walls, roof and building properly constructed, all of which was unknown to Marson E. Hill; and in consequence thereof, without fault or negligence of your petitioner's husband, he was killed as aforesaid, to the damage of your petitioner thirty thousand dollars ($30,000).

"6. And your petitioner would further show that said defendant, having in charge the care and safety of its employés, was bound to provide safe machinery and buildings in and with which its employés were called upon to work, and it became defendant's bounden duty to see and know that said gas-house was a safe building as well in case of fire as when there was no fire; and being well aware of the fact that a gas-room, on account of its being constantly stored with rosin and other inflammable material, was in constant danger of being burned, it became the duty of defendant to provide a gas-room which would at all times be safe and secure and whose walls would stand the ravages of fire, and especially when it knew that fires had occurred several times in said gas-room, and that said building by reason thereof had become unsafe for use as a gas-house, all of which was unknown to Marson E. Hill; being well acquainted with all these facts, and not regarding its said duty in the premises, was guilty of gross and criminal negligence in not repairing said walls of said gas-room before that time injured and weakened by previous fires, and

in substituting for said wooden roof said heavy wrought-iron roof, which made said walls top heavy and liable to fall in case of fire, and said defendant, well knowing the dangerous condition of said walls, or whose bounden duty it was to have known it, should have warned its employés of the danger to which they were subjected; but instead of warning said employés of said danger, your petitioner charges that while said gas-room was in flames, said defendant ordered your petitioner's husband to batter down and break in the door of said gas-room, and in the execution of said order, her husband being ignorant of the causes which produced said fire, and ignorant that there was danger of fire in the gas-room, and ignorant as to the defects and weak condition of the roof and walls as herein described, and ignorant as to the liability of the walls of said gas-room to fall in case of fire therein, by reason of said defects, all of which was known to said superintendent, and being therefore entitled to warning from said superintendent and corporation as to said danger but receiving none, without any fault whatsoever on his part and through the criminal negligence of defendant, said walls fell upon him and killed him, thereby endamaging your petitioner in the sum of thirty thousand dollars ($30,000)."

To this declaration defendant filed a general demurrer, which was overruled, and exception was taken.

J. B. Cumming and Bryan Cumming, for plaintiff in error.

J. S. & W. T. Davidson, contra.

Blandford, Justice.

There was a general demurrer filed by the plaintiff in error to the declaration brought by the defendant in error. The court overruled the demurrer, and error is assigned thereon. We think there was no ground of demurrer, under the decision in *Allen* v. *Augusta Factory*, 82 *Ga.* 76.    *Judgment affirmed.*