## 66540. CROWLEY v. FORD MOTOR CREDIT COMPANY.

BANKE, Judge.

Plaintiff/appellant brought this action against the defendant credit company for wrongful conversion of his automobile and breach of an automobile sales contract. He appeals the grant of summary judgment to the defendant, contending that there are fact issues remaining on both claims.

The plaintiff was a soldier stationed at Fort Benning, Georgia, at the time he purchased the car in question. He was reassigned to Korea but continued to make the monthly payments on the car by mail. In early September 1981, the plaintiff instructed his stepfather to sell the car and gave him a power-of-attorney to do so. The uncontradicted evidence shows that the September payment was not made, thus bringing the contract into default. On October 15, 1981, the stepfather was instructed by defendant's employee to turn the car over to a Ford dealership, which he did on the following day. The plaintiff's conversion claim is based on his contention that his stepfather was coerced into surrendering the car by threats that he

(the stepfather) would face "embarrassment" and "humiliation" if it had to be towed away. *Held:*

1. "If an agent takes the property of another *without his consent* and delivers it to the principal, it is a conversion, and trover will lie for the recovery of the property or for damages, as the plaintiff may elect." (Emphasis supplied.) *Nat. Bank of Tifton v. Piland,* 22 Ga. App. 471, 472 (96 SE 341) (1918). However, "[a]s a general rule no tort can be committed against a person consenting thereto if that consent is free, is not obtained by fraud, and is the action of a sound mind." OCGA § 51-11-2 (Code Ann. § 105-1803). Assuming *arguendo* that the remarks attributed to defendant's agent concerning towing the car were actually made, we find such threats insufficient to authorize a finding that the surrender of the car was involuntary.

2. The plaintiff's contentions that there are fact issues concerning his breach of contract claim are also without merit. The evidence clearly shows that the contract was in default when the car was surrendered, although the defendant did, for a time, forgo its immediate right to repossess. This forbearance was to allow the plaintiff's stepfather additional time, as he requested, to sell the car and was entirely unrelated to whether the contract was in default.

The plaintiff also contends that the defendant failed to require strict compliance with the terms of the contract after a June 1981 payment was lost in the mail, arguing that a quasi new agreement was thereby created. To effectuate such a new agreement, however, the departure from the terms of the original agreement must be mutual. See OCGA § 13-4-4 (Code Ann. § 20-116). By his own testimony, the plaintiff was completely unaware that a payment had been lost until after the car had been surrendered, and the defendant's unilateral act in failing to declare a default at that time consequently could not have affected the plaintiff's expectations with regard to the September payment.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 14, 1983 —
REHEARING DENIED SEPTEMBER 27, 1983 —

*Alan N. Frandsen,* for appellant.
*Jerry A. Buchanan,* for appellee.