### 72197. J. H. HARVEY COMPANY v. SPEIGHT.
(344 SE2d 701)

BANKE, Chief Judge.

The appellee sued the appellant, as owner of Harvey's Supermarket, to recover damages for false imprisonment and assault and battery. A jury awarded him $2,500 in compensatory damages and $30,000 in punitive damages. In this appeal, the appellant enumerates as error the denial of its motion for a directed verdict with regard to both counts of the complaint.

Acting upon information that someone had just stolen several cartons of cigarettes from the store, the appellant's manager stepped

outside and approached the appellee, who had himself walked out of the store only moments earlier. The manager was followed by several other persons whom the appellee testified he assumed were also store employees. Upon being asked by the manager if he had anything that did not belong to him, the appellee answered, "No, . . . do you want to see. . . ." He then briefly held the sides of his jacket open and let them close, at which point the manager parted the jacket with his hands to see if anything was concealed there. Simultaneously, the appellee pointed to another person in the immediate vicinity and said, "I think that is the man you are looking for." The manager then left the appellee to pursue this other person.

The appellee testified that the store manager had not been rude to him but stated that he did not consider the manager's conduct in looking inside his jacket as courteous. He admitted that he had invited this search and that the manager had not cursed him nor spoken loudly to him; however, he testified that he felt the manager was angry because of the look in his eyes and the fact that several people had followed the manager out of the store. At trial, the appellee testified that the entire encounter had lasted about 45 seconds, whereas during an earlier deposition he had testified that the encounter lasted between 15 and 30 seconds. *Held*:

"False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty." OCGA § 51-7-20. "[T]he imprisonment need not be for more than an appreciable length of time, and . . . it is not necessary that any damage result from it other than the confinement itself, since the tort is complete with even a brief restraint of the plaintiff's freedom. . . . It is essential, however, that the restraint be against the plaintiff's will; and if he agrees of his own free choice to surrender his freedom of motion, as by remaining in a room or accompanying the defendant voluntarily, to clear himself of suspicion or to accommodate the desires of another, rather than yielding to the constraint of a threat, then there is no imprisonment." Prosser, Law of Torts (4th ed.) 43-45, § 11.

The appellee's testimony in this case fails to establish any involuntary restraint by the appellant's store manager or employees. Accord *Abner v. W. T. Grant Co.*, 110 Ga. App. 592 (139 SE2d 408) (1964). Although a person need not make an effort to escape or await application of open force before he can recover, there must be restraint whether by force or fear. *Sinclair Refining Co. v. Meek*, 62 Ga. App. 850 (2) (10 SE2d 76) (1940). With regard to the second count of the complaint, the appellee admitted that any touching of his person had been invited by him; and such invitation is inconsistent with the tort of assault and battery. See *Crowley v. Ford Motor Credit Co.*, 168 Ga. App. 162 (1) (308 SE2d 417) (1983); OCGA § 51-11-2. The evi-

dence was consequently insufficient to support any recovery, and it follows that the trial court erred in denying the appellant's motion for directed verdict.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 9, 1986 —
REHEARING DENIED APRIL 23, 1986 —

*Mark A. Gonnerman, Dawn G. Benson,* for appellant.
*B. T. Edmonds, Jr., Johnnie M. Graham,* for appellee.