74979, 75176. ESTES v. JACK ECKERD CORPORATION;
and vice versa.
(360 SE2d 649)

BEASLEY, Judge.
Maxine Estes' complaint for general and punitive damages and attorney fees claimed false imprisonment, assault, and battery. She alleged as follows: On August 3, 1986 she entered an Eckerd drugstore and purchased some items for which she paid by check. As she left the store a buzzer sounded and the manager, who was acting on behalf of Eckerd, approached her and told her she was shoplifting. He attacked her by grabbing the bag of purchased items and threatened her. He detained her and began to rummage through her shopping bag where he found a paid receipt for all the items. He obtained a stamp marked "paid" to put over some of the items she had purchased and then told her to leave the store, continuing to act in a rude and derogatory manner. There were people present during the abuse which caused her to be ridiculed and insulted in public without any justification or cause, as if she were a common criminal. These actions were wilful and intentional.

Eckerd denied liability and, after discovery, moved for summary judgment on the basis of no liability because OCGA § 51-7-61 gave it probable cause to stop Mrs. Estes and search her shopping bag as a matter of law since the store's antishoplifting device was activated when she started to leave. Eckerd explained: the evidence showed it had installed an antishoplifting device whereby certain items of merchandise were specifically tagged. Unless these tags were deactivated by an additional tag upon purchase a buzzer would sound when the customer tried to exit the store. Two notices were conspicuously

posted to apprise customers that such a device was in use. When Mrs. Estes' exit activated the buzzer, the store manager immediately approached her and told her he had to look in her shopping bag because the alarm had gone off. He walked a few feet away, opened the bag and found that all the items were accounted for on the sales receipt but saw that the special tag on a bottle of shampoo had not been deactivated. He placed the second tag on the bottle, put it back in Mrs. Estes' bag, handed the bag to her and told her she was free to go. He explained this to her and apologized because the buzzer had gone off. The entire incident lasted at most a few minutes.

Eckerd urged that because the manner and period of time of any detention were reasonably sufficient for inquiry into the circumstances surrounding the activation of the antishoplifting device, recovery for false imprisonment was foreclosed by OCGA § 51-7-60, and the claims for assault and battery failed for lack of sufficient evidence.

At the motion hearing Mrs. Estes contended for the first time that OCGA § 51-7-61 should not be applied because the negligence of Eckerd's employee in failing to deactivate the antishoplifting device by not placing the second tag over the specially tagged merchandise caused the alarm to sound. Summary judgment was denied. A jury found for defendant on simple battery and false imprisonment, the court having directed a verdict on assault. Mrs. Estes appeals only as to the false imprisonment count, enumerating as error the court's refusal to allow her to pursue a negligence theory or to give her requested charges on negligence, and the refusal to allow her to introduce evidence of prior similar acts of Eckerd's negligent operation of its antishoplifting system. Eckerd cross-appealed the denial of its motion for summary judgment.

### Case No. 74979

1. False imprisonment is "the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty." OCGA § 51-7-20. By OCGA § 51-7-60, the General Assembly provided a qualified immunity to merchants from tort liability for false arrest or false imprisonment. *Swift v. S. S. Kresge Co.*, 159 Ga. App. 571, 573 (2) (284 SE2d 74) (1981). No recovery is permitted where plaintiff's conduct is such "as to cause a man of reasonable prudence to believe" that the plaintiff was shoplifting, or where the manner of detention or arrest and the length of the detention was reasonable under all the circumstances. OCGA § 51-7-60 (1) and (2).

Later, OCGA § 51-7-61 was added to provide that where a store used an antishoplifting or inventory control device "the automatic activation of the device as a result of a person exiting the establishment

or a protected area within the establishment *shall* constitute reasonable cause for the detention of the person so exiting by the owner or operator . . . or employee . . . Each detention shall be made only in a reasonable manner and only for a reasonable period of time sufficient for any inquiry into the circumstances surrounding the activation of the device." (Emphasis supplied.) OCGA § 51-7-61 (b). This applies only when a warning notice is conspicuously posted. OCGA § 51-7-61 (c).

In response to Eckerd's position that the statute acts as an absolute bar to Mrs. Estes' recovery, she asserts that immunity is granted only if Eckerd used all reasonable care and due diligence in the use of the device and did not cause harm to her through its negligence. She argues that she attempted to show throughout the discovery process and during trial that Eckerd acted in a negligent manner both in the operation of its antishoplifting device and in its restraint of her.

"False imprisonment is an intentional tort, not a tort of negligence. See *Stewart v. Williams*, 243 Ga. 580 (255 SE2d 699) (1979). 'In an action to recover damages for illegal arrest or false imprisonment the only essential elements are the arrest or detention and the unlawfulness thereof. [Cit.]' *Scott Housing Systems v. Hickox*, 174 Ga. App. 23, 24 (1) (329 SE2d 154) (1985)." *Williams v. Smith*, 179 Ga. App. 712, 713-14 (2) (348 SE2d 50) (1986). Insofar as OCGA § 51-7-60 is concerned, four judges of this Court determined that since "the 'reasonableness' of the defendant's cause to believe that the plaintiff was shoplifting and the manner and length of the detention or arrest are matters for the jury to determine, and there is no established statutory guideline in that regard," the evidentiary rule in negligence cases is applicable in a false imprisonment case by analogy. *Luckie v. Piggly-Wiggly Southern*, 173 Ga. App. 177, 179 (2) (325 SE2d 844) (1984). Accordingly, it was held in the plurality opinion "that in a false imprisonment case in which OCGA § 51-7-60 is applicable and consequently in which there is a jury question concerning the 'reasonableness' of the determination that an act of shoplifting has occurred or of the manner of the detention and arrest of a suspected shoplifter or the length of the detention, private guidelines are admissible for the limited purpose of illustrating the applicable standard of reasonableness." However, compliance does not demonstrate "reasonableness" nor does failure to comply demonstrate "unreasonableness" in and of themselves. Id. at 179-80.

The present case is governed by OCGA § 51-7-61, not by OCGA § 51-7-60. Our research has uncovered no Georgia case deciding whether that statute confers absolute immunity when its provisions for reasonable detention and time of inquiry and the posting of notice have been complied with. A Louisiana court considered a similar Louisiana antishoplifting device statute which provided that when notice

was posted, reasonable cause to detain existed when the electronic device was activated; plaintiff contended that the neglect of the defendant's sales clerk to remove the tag triggered the device resulting in an unlawful detention. *Lindsey v. Sears, Roebuck & Co.*, 389 S2d 902 (Ct. App. La. 1980). The court reasoned that despite this fact, the legislature's clear intention was "to afford to the merchant a right, within statutory limitations, to detain a person when the electronic device has been triggered." Id. at 904. The confusion was that the essential question under such a statute was "not whether 'reasonable cause' exists, but whether the method and extent of plaintiff's detention was reasonable under the circumstances. . . ." Id.

The reasoning of the Louisiana court is persuasive and substantiates our construction of the language of the Georgia statute, which is mandatory, inasmuch as it states that "automatic activation of the device . . . shall constitute reasonable cause. . . ." OCGA § 51-7-61 (b). That is, it makes no difference to "reasonable cause" whether or not negligence on the part of Eckerd's employee in failing to deactivate the special tag on the bottle of shampoo set the device off. What matters is whether the method and time of detention were reasonable within the statutory limitations. Defendant's right to detain is lawful once the device is automatically activated.

This is analogous to the defense of valid process in an action for false imprisonment pursuant to an alleged illegal arrest. "With regard to the element of 'unlawfulness' in the tort of *false* imprisonment, the law has already made a fundamental distinction between a detention effectuated pursuant to process and detention which is not predicated on process. An action for false imprisonment will lie where a person is unlawfully detained under a void process, or under no process at all, and can not be maintained where the process is valid, no matter how corrupt may be the motives of the person suing out the process or how unfounded the imprisonment may be." (Citations and punctuation omitted.) *Williams v. Smith*, 179 Ga. App. 712, 714, supra.

Having determined that the defendant's alleged precursor negligence is immaterial when an antishoplifting device has been automatically activated, the only issue under OCGA § 51-7-61 is whether the detention was made in a reasonable manner, as she does not contend that it was not for a reasonable period of time, and if proper notice was posted as required. The latter is undisputed as there were at least two warning signs prominently displayed in the store near the entrance and exit.

While the testimony of Mrs. Estes and Eckerd's manager was conflicting as to what he said when he approached her, there is no dispute that he searched her bag without any objection on her part, and that the episode lasted only five to ten minutes. Clearly there was no restraint either by force or fear here, as is necessary to recover

under OCGA § 51-7-20. See *J. H. Harvey Co. v. Speight*, 178 Ga. App. 812 (344 SE2d 701) (1986). "Although it would have been advisable, perhaps, to ask plaintiff to produce the receipt for the purchase immediately after the device was triggered, or to escort her to the privacy of an area unobserved by other customers, we cannot say the manner in which Mrs. [Estes] was detained or the extent of her detention was unreasonable. Under the circumstances [she was] not entitled to recover." *Lindsey v. Sears, Roebuck & Co.*, 389 S2d 902, 904, supra. Further, causing embarrassment is not the same as unlawful imprisonment. *Lord v. K-Mart Corp.*, 177 Ga. App. 651, 653 (1) (340 SE2d 225) (1986). We find the evidence sufficient to support the jury's apparent conclusion that Mrs. Estes was not detained unreasonably. The first enumeration of error fails.

2. Appellant complains that the trial court erred in refusing to charge her requested instruction "that if you find that the Defendant by and through its employees were [sic] negligent in the manner of their [sic] restraint of the plaintiff, then the Plaintiff would be entitled to special and general damages." This is not an accurate statement of the law, nor is it adjusted to the evidence presented. There is no liability for negligent or reckless acts which cause "nothing more than the imposition of a transitory and harmless confinement"; the plaintiff can recover only if he can establish actual and real loss or injury. *Baggett v. Nat. Bank & Trust Co.*, 174 Ga. App. 346, 349 (2) (330 SE2d 108) (1985).

3. Appellant's enumeration concerning the trial court's exclusion of evidence of prior similar acts of Eckerd involving the use of its antishoplifting device with nonrelated parties succumbs to the rule that "[a]ctions of third parties not involved in the case are not admissible where it was not shown that such evidence bore either directly or indirectly on issues being tried by the jury. [Cit.]" *Atlantic Zayre v. Williams*, 172 Ga. App. 43, 46 (4 (a)) (322 SE2d 83) (1984).

*Case No. 75176*

4. In the cross-appeal Eckerd contends that the trial court erred in denying its motion for summary judgment because there were no genuine issues of material fact under OCGA §§ 51-7-60 and 51-7-61 for jury determination. That issue is moot. *Hardaway Constructors v. Browning*, 176 Ga. App. 530 (2) (336 SE2d 579) (1985), cert. den. 475 U. S. ___ (106 SC 1491, 89 LE2d 893) (1986).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

Decided September 8, 1987.

*William W. Lavigno III, Salvatore J. Serio*, for appellant.
*Bryan F. Dorsey, James P. Boston*, for appellee.