75334. JENKINS v. ROPER CORPORATION et al.

(363 SE2d 625)

BANKE, Presiding Judge.

Acting as next friend of his minor son, Charles, Willie Jenkins brought suit against the Roper Corporation and Sears Roebuck and Company to recover for injuries suffered by his son as the result of an alleged defect in a Kenmore gas range manufactured by Roper and sold to him by Sears. He appeals the trial court's grant of summary judgment to both defendants.

Approximately one year after Jenkins purchased the range, his son "felt something hit the back of his legs" while standing in the kitchen preparing a sandwich. The son's next recollection was of being taken to the hospital, where he was treated for burn injuries. The complaint alleged that the child's injuries had resulted either from a manufacturing defect in the stove or from negligent installation and service. *Held*:

"When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made, but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial. [Cits.] The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time, the opposing party must come forward with rebuttal evidence or suffer judgment against him. [Cits.]" *Stipp v. Bailey*, 181 Ga. App. 555, 556 (353 SE2d 52) (1987).

The evidence submitted by the defendants in support of their motion for summary judgment established that Sears' representatives had serviced the range twice in the plaintiff's home and had found it to be in good working order at the conclusion of both service calls; that a representative of the gas company had inspected the stove and found it to be free of leaks on the morning following the injury; and that during subsequent testing at Roper's engineering laboratories, it had been determined to be free of defects and functioning normally.

Additionally, there was evidence suggesting an alternative explanation for the son's injuries — that the fire may have been caused by gasoline which the plaintiff occasionally kept in the kitchen for the purpose of cleaning paint brushes.

The plaintiff failed to come forward with any evidence tending to refute the evidence submitted by the defendants, apparently relying on the doctrine of res ipsa loquitur to establish a material factual dispute. We find that principle to be inapplicable under the circumstances of the present case. In order for res ipsa loquitur to apply, the injury must have been "caused by an agency or instrumentality within the exclusive control of defendant." *Atlanta Coca-Cola &c. Co. v. Ergle*, 128 Ga. App. 381, 382 (196 SE2d 670) (1973). That element is clearly absent in the present case, since the range had been in the plaintiff's possession and control for approximately 12 months prior to the injury. Accordingly, the defendants' motion for summary judgment was properly granted.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED DECEMBER 4, 1987.

*Edward M. Buttimer*, for appellant.
*Richard A. Rominger, Randolph H. Donatelli*, for appellees.