77073, 77074. CONNELL v. HOUSER; and vice versa.
(375 SE2d 136)

BANKE, Presiding Judge.

Connell and Houser contracted as co-purchasers to acquire certain property owned by Tri-South Investments, Inc., (TSI), which is not a party to this litigation. A dispute thereafter arose between the two, as a result of which Connell attempted to secure other investors to take Houser's place. When TSI refused to close the transaction without Houser, Connell brought the present action against him seeking damages for tortious interference with business or contractual relationships, defamation, and breach of contract. Following extensive discovery, the trial court granted summary judgment to Houser with respect to all of Connell's substantive claims but ruled that a jury issue remained with respect to whether Connell was entitled to attorney fees as expenses of litigation. These appeals followed. *Held*:

1. Connell contends that the trial court erred in striking as untimely an affidavit which he filed one day before the hearing on Houser's motion for summary judgment. However, there is nothing in the record to indicate that the court in fact struck this affidavit or otherwise refused to consider it. In its order, the court indicated that its ruling was based on consideration of the "entire record." Absent any indication to the contrary, we must presume that the court considered all the evidence before it. Cf. *Pruitt v. Tyler*, 181 Ga. App. 174, 175 (351 SE2d 539) (1986); *Wimberly v. Karp*, 185 Ga. App. 571 (365 SE2d 131) (1988). Accordingly, this enumeration of error establishes no ground for reversal.

2. Connell contends that certain deposition testimony submitted by Houser in support of his motion for summary judgment should not have been considered because it was filed less than 30 days prior to the hearing on the motion. See generally OCGA § 9-11-56 (c). However, it is well settled that consideration of untimely filed material will not warrant reversal of the court's ruling on motion for summary judgment if the record demonstrates either that the material was harmless or that the respondent acquiesced in the court's consideration of it. See *Porter Coatings v. Stein Steel &c. Co.*, 247 Ga. 631, 632 (278 SE2d 377) (1981). Moreover, the trial court has the discretion to allow the untimely filing of discovery material upon a showing "that sufficient reasons exist to justify that late filing and use and that the late filing and use will not constitute *surprise or manifest injustice* to

any other party in the proceedings." OCGA § 9-11-29.1 (a) (5) (Ga. L. 1982, p. 2374, § 1). (Emphasis supplied.)

In his motion for summary judgment, Houser expressly indicated that he was relying on the deposition testimony in question; and in his response, Connell himself made extensive reference to two of the depositions. Under such circumstances, we conclude that the trial court's decision to consider this material did not constitute a manifest abuse of discretion. Accord *Porter Coatings v. Stein Steel &c. Co.*, supra.

3. Connell further complains that certain affidavits submitted by Houser contained conclusory statements and inadmissible hearsay. However, the affidavits in question also contained statements which were not conclusory and were not based on hearsay, and no motion was made to strike the portions which were deemed to be objectionable. Even where a motion to strike is made, " ' "(t)he trial judge may consider such affidavits, and he is bound by the uncontradicted evidentiary matter in such affidavits, irrespective of the opinions, ultimate facts, and conclusion of law stated therein." [Cit.]' [Cit.] Thus, the mere fact that the affidavits in question might contain certain averments which could be characterized as conclusions and hearsay, [would] not prohibit the trial judge from considering the admissible parts thereof and from granting summary judgment if appropriate." *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434, 440 (280 SE2d 842) (1981). Consequently, this enumeration of error establishes no ground for reversal.

4. Connell contends that the court erred in concluding that the evidence of record negated his substantive claims for relief.

(a) Counts 1 and 2 of the complaint alleged malicious interference with business and/or contractual relationships. See generally *McDaniel v. Green*, 156 Ga. App. 549 (275 SE2d 124) (1980). Connell asserts that Houser interfered with his rights under the contract by repudiating his (Houser's) own rights and obligations thereunder and then influencing TSI to refuse to go through with the closing without him. As support for the allegation that Houser repudiated the contract, Connell relies upon certain correspondence between Houser and TSI. Having reviewed this correspondence, we agree with the trial court that it reflects no expression of intention by Houser to terminate his interest in the contract. Moreover, it is apparent without dispute from the record that in reaching its decision not to go through with the closing without Houser's participation, TSI was acting upon the advice of its own legal counsel. We accordingly conclude that the trial court did not err in granting summary judgment to Houser on the malicious interference claims.

(b) In Count 3 of the complaint, Connell alleged that Houser defamed him in statements made to several of his (Connell's) business

associates and to his (Connell's) attorney. However, the only alleged defamation which is substantiated by the record and asserted on appeal concerns an incident in which Houser allegedly called Connell a "son-of-bitch" in the presence of TSI's vice-president. Pursuant to OCGA § 51-5-4 (b), special damages must be shown to establish a cause of action based on mere derogatory remarks. Since TSI's vice-president testified in his affidavit that the company's decision not to go through with the closing without Houser's participation was not based on anything Houser had said, it is evident that no special damages resulted from the alleged remark. It follows that the trial court did not err in granting summary judgment to Houser on the defamation claim.

(c) The trial court granted summary judgment to Houser on the breach of contract claim asserted in Count 4 of the complaint based on undisputed evidence that it was Connell rather than Houser who had initially refused to close the contract in accordance with its terms. " '[W]hen one party to a bilateral contract of mutual dependent promises *absolutely* refuses to perform and repudiates the contract prior to the time of his performance, the innocent party is at liberty to consider himself absolved of any future performance of his part. . . .' [Cit.]" *Coffee Butler Svc. v. Sacha,* 258 Ga. 192, 193 (366 SE2d 292) (1988). It follows that the trial court did not err in granting summary judgment to Houser on the breach of contract claim.

5. In a cross-appeal, Houser contends that the trial court erred in denying his motion for summary judgment with respect to Connell's prayer for expenses of litigation, including attorney fees. Expenses of litigation are not recoverable pursuant to OCGA § 13-6-11 unless other elements of damages are recoverable. See *Basic Four Corp. v. Parker,* 158 Ga. App. 117, 121 (279 SE2d 241) (1981); *Bayliner Marine Corp. v. Prance,* 159 Ga. App. 456 (283 SE2d 676) (1981). Since Houser has prevailed on each of the four substantive counts of Connell's complaint, it necessarily follows that he is also entitled to summary judgment on the claim for attorney fees. Accordingly, the denial of Houser's motion for summary judgment with respect to this count of the complaint is reversed.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 4, 1988.

*Beltran & Buckley, Frank J. Beltran, William H. Buckley,* for appellant.

*Nall, Miller, Owens, Hocutt & Howard, Robert N. Dokson,* for

appellee.