77253. JARRETT et al. v. BUTTS et al.
77254. BALDWIN COUNTY BOARD OF EDUCATION et al. v. BUTTS et al.
(379 SE2d 583)

SOGNIER, Judge.

Ernest and Ernestine Butts, individually and as next friends of their daughter Cynthia Gay Butts, brought suit against George Jarrett, the Baldwin County Board of Education and its members in their official capacities, and county school superintendent William Gardner, alleging claims of invasion of privacy, assault and battery, and violation of 42 USC § 1983. We granted Jarrett's interlocutory appeal from the denial of his motion for summary judgment in Case No. 77253, and the remaining defendants' interlocutory appeal from the denial of their summary judgment motion in Case No. 77254.

Construed favorably to appellees as respondents below, the record reveals that appellant Jarrett, a teacher at Boddie Junior High, is an amateur photographer who often photographs his students at school functions and athletic events and for the school yearbook. On March 26, 1986, he approached Cynthia Butts, appellees' daughter, then a fourteen-year-old student, at school and indicated he wanted to photograph her because of her distinctive attire and decoratively painted fingernails. She testified by affidavit that after Jarrett's repeated requests, she "reluctantly allowed him to take some pictures of my fingernails," but that he then "ordered" her to pose for several other pictures, using a "loud, intimidating and forceful manner," and in so doing touched her wrists and hair. Jarrett denied forcing or intimidating appellees' daughter, and testified in his affidavit that he touched her only as necessary for positioning her hands prior to photographing them.

1. Appellees have moved to dismiss Jarrett's appeal on the ground that Jarrett did not file his enumeration of errors within twenty days after his case was docketed as required by OCGA § 5-6-40 and Court of Appeals Rule 27. A review of the record discloses that Jarrett timely filed his brief, which included his enumeration of errors, on June 30, 1988, but did not file a separate enumeration of errors until July 7th. Belated filing of the separate enumeration is not a basis for dismissal of an appeal, see OCGA § 5-6-48 (b), especially where, as here, the enumeration of errors was included in appellant's brief and thus timely filed therewith. Accordingly, appellees' motion to dismiss is denied.

2. Appellant Jarrett first enumerates as error the denial of his motion for summary judgment as to appellees' claim for tortious invasion of privacy on the grounds that the undisputed evidence does not show a physical intrusion or an appropriation of appellees' daughter's likeness for appellant's advantage.

Under Georgia law, the concept of invasion of privacy encompasses four loosely related but distinct torts, but appellees acknowledge their claim raises only two: "intrusion upon the plaintiff's seclusion or solitude, or into [her] private affairs," and "appropriation for the defendant's advantage of the plaintiff's name and likeness." *Sun v. Langston*, 170 Ga. App. 60, 61 (2) (316 SE2d 172) (1984). Reviewing the undisputed evidence presented, we conclude appellees' daughter was not subjected to a physical intrusion analogous to a trespass, as is required to recover for an intrusion upon seclusion. See *Kobeck v. Nabisco, Inc.*, 166 Ga. App. 652, 654 (2) (305 SE2d 183) (1983). The photographs were taken in the classroom and hallway of a school building during regular school hours when other students were present, and did not reveal any aspect of Cynthia Butts' person that was not readily visible to anyone who saw her during the day.

Similarly, the undisputed evidence discloses that no wrongful appropriation occurred, as Jarrett received nothing of value for the photographs, and that there was no use of appellees' daughter's likeness to his advantage, as the photographs were never sold, published, or publicly displayed. See *Williams v. Church's Fried Chicken*, 158 Ga. App. 26, 32 (279 SE2d 465) (1981). Accordingly, appellant Jarrett was entitled to summary judgment on appellees' tortious invasion of privacy claim. Id. at 31-32 (5).

3. The appellants in Case No. 77254 (hereinafter collectively referred to as the "school system appellants") also contend the trial court erred by denying their summary judgment motion on the invasion of privacy claim. Appellees made no allegations and introduced no evidence against these appellants other than the evidence regarding Jarrett's actions. Pretermitting the question of whether the school system appellants are entitled to the defenses of either sovereign or official immunity as to this claim because of the exclusions contained in their liability insurance policies, we hold that the trial court erred by denying their motion for summary judgment on the privacy claim for the reasons discussed in Division 2, supra.

4. Appellant Jarrett next asserts the trial court erred by denying his motion for summary judgment on appellees' claim for assault and battery. Although there is no allegation or evidence of reasonable apprehension of "violent injury from the unlawful act of [Jarrett]," *Quaker City Life Ins. Co. v. Sutson*, 102 Ga. App. 53, 57 (115 SE2d 699) (1960), " '[i]n the interest of one's right of inviolability of one's person, any unlawful touching is a physical injury to the person and is actionable.' [Cit.]" *Irwin v. Arrendale*, 117 Ga. App. 1, 5 (4) (159 SE2d 719) (1967). Thus, even the minimal touching alleged in this case can support a cause of action for assault and battery. The record reveals that factual questions exist regarding whether appellees' daughter consented to or invited the touching of her person by agreeing to be photographed, see *J. H. Harvey Co. v. Speight*, 178 Ga. App. 812, 813 (344 SE2d 701) (1986), and if so, whether that consent affects appellees' right of action. See OCGA § 51-11-2. Thus, we cannot conclude the trial court erred by denying appellant Jarrett's summary judgment motion on the assault and battery claim. See *Newsome v. Cooper-Wiss, Inc.*, 179 Ga. App. 670, 672 (1) (347 SE2d 619) (1986).

5. The school system appellants contend they are entitled to summary judgment on the assault and battery claim on the basis of sovereign and official immunity accorded under Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution because their liability insurance policies do not cover such a claim. The record reveals that the school system holds a school board legal liability policy, which expressly excludes, inter alia, claims "based upon or arising out of . . . assault and battery." Moreover, the school system appellants' comprehensive

general liability policy covers only bodily injury, which is defined as "physical harm to a person's health including sickness or disease," arising from an accidental event, which encompasses "any event that results in bodily injury or property damage that the protected person didn't expect or intend to happen." Appellees have alleged that Jarrett committed an intentional tort, not an unexpected act, and have not alleged any *physical* harm to their or their daughter's health. Accordingly, we find the trial court erroneously rejected the school system appellants' argument that the assault and battery claim is not covered by the insurance policies at issue and thus the school system appellants have not waived their sovereign or official immunity. See *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 301-303 (2) (357 SE2d 569) (1987).

We note that the individual school board members and the superintendent are not entitled to the defense of official immunity for purely ministerial acts regardless of the lack of insurance coverage. *Swofford v. Cooper*, 184 Ga. App. 50, 52-53 (1) (360 SE2d 624) (1987), aff'd sub nom., 258 Ga. 143 (368 SE2d 518) (1988). However, the only acts or omissions appellees alleged as to these appellants are negligent failure to terminate Jarrett prior to the incident at issue, and the decision of whether to terminate a tenured teacher is a discretionary one and thus is subject to the defense of official immunity. See generally *Hennessy v. Webb*, 245 Ga. 329, 330-332 (264 SE2d 878) (1980). Therefore, we hold that the trial court erred by denying summary judgment to the school system appellants on appellees' assault and battery claim.

6. Appellants in both cases enumerate as error the trial court's denial of their motions for summary judgment on appellees' claims asserted pursuant to 42 USC § 1983 on the ground that appellees' invasion of privacy claim does not raise a violation of any federal constitutional or statutory right. The school system appellants also argue that, because there is no evidence of any intentional or established policy or practice that led to a violation of any constitutional right of appellees, they cannot be held liable for mere negligence in failing to terminate Jarrett or for his tortious acts.

(a) Appellees have asserted a claim for violation of their privacy rights contained in the penumbrae of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. Because 42 USC § 1983 establishes the remedy for individual deprivations of constitutional interests, *Martin,* supra at 304, we will construe these allegations as a Section 1983 claim.

To recover under Section 1983, appellees must show that an act done under color of state law deprived them of a federal constitutional or statutory right. 42 USC § 1983. We find no authority for appellees' assertions that the alleged invasion of privacy at issue here

is encompassed within the " 'fundamental' " personal rights. " 'implicit in the concept of ordered liberty,' " *Roe v. Wade,* 410 U. S. 113, 152 (93 SC 705, 35 LE2d 147, 176) (1973), that are included within the zone of privacy guaranteed by the United States Constitution. See *Katz v. United States,* 389 U. S. 347, 350, n. 5 (88 SC 507, 19 LE2d 576, 581) (1967); *Griswold v. Connecticut,* 381 U. S. 479, 483-485 (85 SC 1678, 14 LE2d 510, 514-515) (1965). Other than the rights protected by specific amendments as discussed in *Katz* and *Griswold,* none of which is implicated here, "the protection of a person's *general* right to privacy—his right to be let alone by other people—is . . . left largely to the law of the individual States." (Emphasis in original.) *Katz,* 389 U. S. at 350-351.

(b) Appellees have alleged the school system appellants also are liable under Section 1983 for appellant Jarrett's acts. However, appellees cannot recover against these appellants for Jarrett's alleged tortious acts because governmental officials cannot be held liable under Section 1983 for the acts of their employees under a theory of respondeat superior, *Monell v. Dept. of Social Svcs.,* 436 U. S. 658, 691 (98 SC 2018, 56 LE2d 611, 636) (1978), or for "mere negligence by a government employee." *Martin,* supra at 305. Instead, to be liable under Section 1983 they must be charged with " 'implementation of an *intentional policy,* adopted or ratified by the governing body of a public agency, which acts work deprivation of a constitutional right.' " (Emphasis in original.) Id.

Appellees also argue the school system appellants may be liable for their failure to terminate appellant Jarrett after receiving notice that he previously had been involved in other incidents similar to the one at issue in the instant case, and have alleged generally in their complaint and interrogatory answers that they believe several incidents similar to the one in the case sub judice have occurred. However, appellant Jarrett denied those allegations in his affidavit, the school system appellants testified by affidavit that they had no personal knowledge of any such incidents, and appellees have not responded with any sworn testimony verifying any of the alleged events.

" 'When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made, but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial. [Cits.] The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time, the opposing party must come forward with rebuttal evidence or suffer judgment against him. [Cits.]' [Cit.]" *Jenkins v. Roper Corp.,* 185 Ga. App. 219 (363 SE2d 625) (1987). As appellees offered no rebuttal evidence on this issue, we conclude the trial court erred by denying summary judgment to all appellants on appellees' Section 1983 claim. See gen-

erally *Martin,* supra at 304-305.

*Judgment affirmed in part and reversed in part in Case No. 77253. Judgment reversed in Case No. 77254. Carley, C. J., Banke, P. J., Birdsong, Pope and Benham, JJ., concur. Deen, P. J., McMurray, P. J., and Beasley, J., dissent.*

DEEN, Presiding Judge, dissenting.

While concurring fully with Divisions 1, 4 and 6, I must respectfully take exception with and dissent to Divisions 2, 3, and 5 of the majority opinion.

The trial court correctly denied appellant Jarrett's motion for summary judgment regarding the invasion of privacy claim. Jarrett stated in his affidavit that he was considered the "unofficial school photographer at Boddie Jr. High." Cynthia Gay Butts, who was 14 years old at the time of the taking of the photographs, stated that she did not ask Jarrett to take any pictures of her. She said that after repeated requests were made by the teacher she reluctantly permitted him to take photographs of her fingernails.

"After taking pictures of my fingernails in certain positions while I was standing, George Jarrett made me, against my will sit in a chair, instructed me *to open my legs* and made me pose in certain positions. I told Mr. Jarrett that I did not wish to sit in the chair in the positions that he requested and when I refused to follow Mr. Jarrett's instructions, he *ordered* me to 'shut up and do what I tell you to do.' When Mr. Jarrett ordered me to do these things, he *ordered* me in a very loud, intimidating and forceful manner. Mr. Jarrett also grabbed my wrist when I was not in the position that he wanted me in and touched me several times to make me place myself in certain positions. I became very upset with Mr. Jarrett's actions.

"I was late reporting to my next class because of the photographing. I was very upset and nervous. When I arrived in Ms. Velvelae Chambers physical education class, she wanted to know why I was late. I told Ms. Chambers that Mr. Jarrett made me take some pictures and I started crying. Ms. Chambers instructed me to never let Mr. Jarrett take any pictures of me any more because *he is known for doing certain things with pictures.*" (Emphasis supplied.)

Her father stated by affidavit that she was upset, nervous, and crying when she got home and reported all of these events to him and her mother. He repeatedly requested that the negatives and films be provided but stated that Jarrett claimed that they were his personal property and refused to provide the films and negatives. Genuine issues of fact remain.

There being some evidence by affidavit that Jarrett was the school system's unofficial photographer, the trial court did not err in denying the school system's motion for summary judgment on the pri-

vacy claim for the same reasons discussed in the previous paragraph.

The majority opinion would reverse the trial court's denying summary judgment to the school system on the assault and battery claim. This is done primarily on the grounds that the parents of the student did not allege "any *physical* harm to their or their daughter's health." Under the CPA it is not necessary to allege with specificity. A grabbing of the arm and a touching of the student has been alleged, and this is enough to provide issues for the jury as to any harm done relating to the assault and battery claim. "In the nature of things, fire is always attended with more or less danger, and is itself a warning to beware." *Allen v. Augusta Factory*, 82 Ga. 76, 79 (8 SE 68) (1888).

I am authorized to state that Judge Beasley joins in this dissent.

DECIDED FEBRUARY 22, 1989 —
REHEARING DENIED MARCH 13, 1989 —

*Anderson, Walker & Reichert, Leland M. Malchow*, for appellants (case no. 77253).
*Milton F. Gardner, Jr.*, for appellants (case no. 77254).
*Charles A. Mathis, Jr.*, for appellees.