A90A0708. WHEAT v. FIRST UNION NATIONAL BANK.
(395 SE2d 351)

SOGNIER, Judge.

First Union National Bank (the bank) brought suit against Patricia Wheat on a promissory note. Wheat answered and counterclaimed for abusive litigation, later amending her counterclaim to seek attorney fees and expenses of litigation under OCGA § 13-6-11. The bank dismissed the main claim, and the trial court awarded summary judgment to the bank on Wheat's counterclaim for abusive litigation, but awarded $1,500 attorney fees to Wheat. This appeal ensued.

The record reveals that in 1981, appellant and her then husband executed a promissory note to appellee's predecessor in interest, the Bank of Dalton. After appellant and her husband divorced, the Bank

of Dalton brought suit against both makers of the note and obtained judgment in May 1983. In 1987, appellant reached an accord and satisfaction with the Bank of Dalton, and executed a settlement agreement whereby the Bank of Dalton released appellant from any further obligation and cancelled the judgment against her in return for payment by appellant of a sum certain. Documents relating to the prior litigation, as well as the settlement and release of appellant, were in the file of George Williams, an employee of appellee. After reviewing appellant's file, Williams directed appellee's attorneys to file this suit against appellant upon the same promissory note which was the subject of the prior litigation and the settlement and release. After receiving appellant's answer, and prior to moving for summary judgment, appellee dismissed its complaint against appellant.

1. Appellee's motion to dismiss the appeal is denied.

2. Appellant contends the trial court erred by granting summary judgment in favor of appellee on her claim for abusive litigation, because genuine issues of material fact exist regarding whether Williams acted wilfully or in reckless disregard of the information he had in his possession, thus entitling appellant to damages for mental distress. We do not agree.

While it is true that appellee's complaint lacked substantial justification, and "any party who shall bring or defend an action, or any part thereof, that lacks substantial justification . . . shall be liable in tort to an opposing party who suffers damage thereby," *Yost v. Torok*, 256 Ga. 92, 96 (13) (344 SE2d 414) (1986), appellant did not allege that she was physically injured by appellee's actions, and prayed only for damages under OCGA § 51-12-6. Where no physical injury is present, such damages are available only for wilful torts. *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 252 Ga. 149, 150 (311 SE2d 818) (1984). In support of its motion for summary judgment, appellee proffered the affidavit of Williams, in which he averred that he "inadvertently, unintentionally, and without any willfulness whatsoever, mistakenly failed to see the documentation in our file that indicated that [appellant] had previously been sued by [appellee's] predecessor." This evidence pierced the allegation in appellant's counterclaim that appellee had acted wilfully, and was unrebutted by appellant in her response to the motion.

" 'When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made, but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial. (Cits.) The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time, the opposing party must come forward with rebuttal evidence or suffer judgment against him. (Cits.)' [Cit.]" *Jenkins v. Roper Corp.*, 185 Ga. App. 219

(363 SE2d 625) (1987). Because appellant offered no rebuttal evidence, we conclude the trial court correctly entered summary judgment for appellee. See generally *Balke v. Red Roof College Park Co.*, 190 Ga. App. 779, 781 (2) (380 SE2d 61) (1989).

3. As part of her argument that summary judgment in favor of appellee was improper, appellant contends that if summary judgment in favor of appellee on the claim for abusive litigation was correct, the trial court's award of attorney fees in her favor was without basis because attorney fees are not awardable pursuant to OCGA § 13-6-11 unless other damages are recoverable. *Connell v. Houser*, 189 Ga. App. 158, 160 (5) (375 SE2d 136) (1988). As the trial court's award of attorney fees did not adversely affect appellant, however, she cannot complain of this ruling. *Martin v. Hendon*, 224 Ga. 221, 222-223 (3) (160 SE2d 893) (1968).

*Judgment affirmed. McMurray, P. J., Banke, P. J., Birdsong, Pope and Cooper, JJ., concur. Carley, C. J., Deen, P. J., and Beasley, J., dissent.*

CARLEY, Chief Judge, dissenting.

Because I believe that there was a jury issue as to defendant's counterclaim for damages based upon the rationale of *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), I cannot agree with the majority's affirmance of the grant of summary judgment on this issue and must, respectfully, dissent. The majority relies upon the affidavit of appellee's employee Williams which, in conclusory terms, states that said employee "inadvertently, unintentionally, and without any willfulness whatsoever, mistakenly failed to see the documentation in our file" that clearly showed that the present suit was without any substantial justification whatsoever. It is undisputed that in the very file reviewed by Mr. Williams were all documents necessary to show the appellant's previous payment and satisfaction of any obligation owed by her to the bank.

The majority mistakenly states that this conclusory affidavit pierces the allegations of appellant that appellee had acted "willfully." I disagree. As was held by the Supreme Court in the very case cited by the majority, "reckless and wanton disregard of consequences may evince an intention to inflict injury. [Cit.] '(I)t is equally well established that . . . for a reckless disregard of the rights of others, equivalent to an intentional tort by the [plaintiff], the injured party may recover for the mental pain and anguish suffered therefrom.' [Cit.]" *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 252 Ga. 149, 150 (311 SE2d 818) (1984). In this case, it is my opinion that a jury could clearly find that a conscious disregard of the rights of appellant was manifested by the conduct of appellee's employee in referring the matter for litigation, notwithstanding the admitted presence of docu-

mentation revealing satisfaction of the debt which was the subject of the litigation. Accordingly I believe that the trial court erroneously granted summary judgment in favor of appellee, and I respectfully dissent.

I am authorized to state that Presiding Judge Deen joins in this dissent.

DECIDED JUNE 19, 1990.

*McCamy, Phillips, Tuggle, Rollins & Fordham, Stephen A. Williams, Frederick L. Hooper III*, for appellant.
*James E. Toland, Jr.*, for appellee.