A96A2010. MITCHELL et al. v. WALMART STORES, INC.
(477 SE2d 631)

McMurray, Presiding Judge.

Plaintiff Edith Mitchell brought this tort action against defendant Walmart Stores, Inc. alleging intentional and negligent infliction of emotional distress arising out of a July 18, 1995, incident whereby plaintiff was forcibly stopped as she exited defendant's store. A guard allegedly grabbed plaintiff's shopping bag and commanded her to come with him. Plaintiff was "subjected to a lengthy, unreasonable, and humiliating search[, . . . which search] produced no evidence of stolen property but revealed the presence of a security code unit still attached to one of Plaintiff's purchased items." The complaint further alleged the intentional torts of assault, battery, and false imprisonment. An amendment alleged loss of consortium on behalf of William L. Mitchell, plaintiff's spouse.

After discovery, defendant moved for summary judgment on the basis of OCGA § 51-7-60, supporting its motion with the following undisputed facts: Plaintiff, accompanied by her 13-year-old daughter, went through the checkout and purchased several items, including a television remote control, at defendant's store. As she exited, plaintiff passed through an electronic antitheft device. The alarm sounded. Plaintiff "wasn't going to stop because [she] knew [she] didn't have nothing in [her] pocketbook or in [her] bag." Robert Canady, employed by defendant as a "people greeter" and security guard, forcibly stopped plaintiff at the exit. Mr. Canady "grabbed [plaintiff's] bag and told [her] to step back inside[, . . . that she] had something in [the] bag. So [plaintiff] stepped back inside." This security guard removed every item plaintiff had just purchased and ran it through the security gate. Plaintiff affirmed that "one of the items still had a security code thing on it." An employee named Brenda "told [plaintiff] it could have been that [security code unit], that she [Brenda] forgot to pull it off [at the cash register]." When the security guard finished examining the contents of plaintiff's bag, "he put it on the checkout. . . ." This examination of her bag took ten or fifteen minutes. Plaintiff then "reached over there and got it and went over to the snack bar and [sat] there." The security guard never touched plaintiff or her daughter and never threatened to touch either of them. No employee of defendant ever told plaintiff she could not leave, once her bag had been checked. Plaintiff never asked to leave but felt like she could not leave. Although plaintiff told an assistant manager that " '[she] need[ed] to see the manager,' [the assistant]

said, 'he won't come.'" Plaintiff knew of no circumstances indicating that the detection device was not working properly. Plaintiff was never threatened with arrest. Nevertheless, plaintiff described the security guard's actions in her affidavit as "gruff, loud, rude behavior."

Plaintiff opposed summary judgment, arguing that jury questions remain as to whether the manner and length of her detention were reasonable under OCGA § 51-7-60. The trial court granted defendant's motion, and this appeal followed. *Held*:

OCGA § 51-7-60 (1) and (2) provides: "Whenever the owner or operator of a mercantile establishment . . . detains, arrests, or causes to be detained or arrested any person reasonably thought to be engaged in shoplifting . . ., no recovery [for false arrest or false imprisonment] shall be had by the plaintiff . . . where it is established by competent evidence . . . [t]hat the plaintiff . . . behaved in such manner as to cause a [person] of reasonable prudence to believe that the plaintiff . . . was committing the offense of [theft by] shoplifting, as defined by Code Section 16-8-14; or . . . [t]hat the manner of the detention or arrest and the length of time during which such plaintiff was detained was under all the circumstances reasonable." In the case sub judice, plaintiff enumerates the grant of summary judgment, arguing that jury questions remain as to the reasonableness of her detention. We disagree.

"In the case of a mercantile establishment utilizing an antishoplifting or inventory control device, the automatic activation of the device as a result of a person exiting the establishment or a protected area within the establishment shall constitute reasonable cause for the detention of the person so exiting. . . ." OCGA § 51-7-61 (b). Nevertheless, "[e]ach detention shall be made only in a reasonable manner and only for a reasonable period of time sufficient for any inquiry into the circumstances surrounding the activation of the device." Id.

In the case sub judice, assuming that defendant's agent was in fact gruff and rude as he forcibly halted her, it is nevertheless undisputed that this was done solely in response to the alarm of the antitheft device. Accordingly, probable cause was established for that forcible stop, and plaintiff's claims for false arrest are without merit. "[I]t makes no difference to 'reasonable cause' whether or not negligence on the part of [Walmart's] employee in failing to deactivate the special tag on the [remote control plaintiff purchased] set the device off. What matters is whether the method and time of detention were reasonable within the statutory limitations. Defendant's right to detain is lawful once the device is automatically activated." *Estes v. Jack Eckerd Corp.*, 184 Ga. App. 98, 99 (1), 101 (360 SE2d 649).

Plaintiff was subjected to a ten- or fifteen-minute "detention" in

the open, during which the items in plaintiff's shopping bag were individually tested for the presence of the electronic antitheft sensor and after which plaintiff's bag was returned to her and she was free to leave. This procedure was perfectly reasonable. *Estes v. Jack Eckerd Corp.*, 184 Ga. App. 98, 99 (1), 101, supra. The manner of plaintiff's detention, whereby defendant's employee never placed a hand on plaintiff's person but only took her shopping bag, and during which plaintiff was never accused of theft, also was reasonable. Naturally, plaintiff was mortified by this episode because she knew she had properly paid for all of her items. Nevertheless, "causing embarrassment is not the same as unlawful imprisonment. *Lord v. K-Mart Corp.*, 177 Ga. App. 651, 653 (1) (340 SE2d 225) (1986)." *Estes v. Jack Eckerd Corp.*, 184 Ga. App. 98, 99 (1), 102, supra. In the case sub judice, there is no evidence that the length of time and the manner of plaintiff's detention were anything but reasonable. Compare *Brown v. Super Discount Markets*, 223 Ga. App. 174 (477 SE2d 839). Consequently, the defendant mercantile establishment is entitled to the immunity afforded by OCGA § 51-7-60. Similarly, "there was no [unlawful] restraint either by force or fear here, as is necessary to recover [for false imprisonment] under OCGA § 51-7-20. See *J. H. Harvey Co. v. Speight*, 178 Ga. App. 812 (344 SE2d 701) (1986)." *Estes v. Jack Eckerd Corp.*, 184 Ga. App. 98, 99 (1), 101-102, supra. It follows that the trial court correctly granted defendant's motion for summary judgment.

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Ruffin, J., concurs in the judgment only.*

DECIDED OCTOBER 24, 1996.

*Bobby J. Lindsey*, for appellants.
*McLain & Merritt, Albert J. Decusati*, for appellee.