## A91A0298. THOMASON et al. v. GOLD KIST, INC. et al.
(407 SE2d 472)

McMurray, Presiding Judge.

On October 14, 1988, Mary Ellen Thomason, Richard Thomason, Charlie Paul Hicks, Vicki Mae Thomason Pressley and other members of the Thomason family (plaintiffs) brought an action against Gold Kist, Inc., individually and d/b/a Farmers Mutual Exchange of Gainesville, ("Gold Kist"), alleging that Gold Kist sold plaintiff Mary Ellen Thomason the toxic pesticide Chlordane Emulsifiable Concentrate ("Chlordane") for the wrongful purpose of killing roaches in the Thomason house and that plaintiffs suffered damages (loss of consortium, property damage and personal injury) as a result of Chlordane poisoning. Plaintiffs also included Stephenson Chemical Company, Inc. ("Stephenson") as a defendant and alleged that Stephenson negligently tested their home for Chlordane contamination and inaccurately reported that the Thomason house does " 'not currently have a problem with regard to exposure to chlordane or other chlorinated hydrocarbon termiticides.' " Gold Kist and Stephenson denied the material allegations of the complaint and subsequently filed separate motions for summary judgment. The pertinent undisputed evidence reveals the following:

In July 1982, plaintiff Mary Ellen Thomason purchased the pesticide Chlordane from Gold Kist and periodically used the chemical in her house to kill "roaches." Mrs. Thomason stopped using the Chlordane in 1986 when she and her daughter became ill after spraying the Chlordane. She contacted the "Poison Control Center" and discovered that her use of Chlordane may be the cause of recurrent medical problems of members of the Thomason household. Mrs. Thomason then contacted the "Environmental Protection Agency" and discovered that Chlordane was not for household use, but that it was only to be used underground.

On August 27, 1986, Mrs. Thomason contacted Stephenson Chemical Company and requested that Stephenson test for the presence of Chlordane in the Thomason house. On October 7, 1986, Stephenson collected an air sample from the Thomason house and, in a letter to Mrs. Thomason dated November 19, 1986, Stephenson reported that "[y]ou do not currently have a problem with regard to exposure to chlordane or other chlorinated hydrocarbon termiticides."

Between March 24, 1988, and February 21, 1990, a physician examined medical evidence from the bodies of "Mary Thomason, Richard Thomason, Vicki M. Pressley, Vanessa Thomason, Vandora Thomason and Charlie Paul Hicks [and concluded that they] all suffer from cyclodiene toxicity producing a variety of symptoms which are directly attributable to past exposure to the pesticide chlordane."

The trial court granted summary judgment to Gold Kist on the

personal injury claims of plaintiffs Mary Ellen Thomason, Richard Thomason, Charlie Paul Hicks and Vicki Mae Thomason Pressley, finding that these plaintiffs failed to file suit within two years after they suspected that Chlordane was the cause of their alleged injuries. In a separate order, the trial court held that "the case against [Stephenson] must be dismissed" because of the two-year personal injury limitation period of OCGA § 9-3-33. Plaintiffs filed this appeal. *Held:*

1. "Actions for injuries to the person shall be brought within two years after the right of action accrues. . . ." OCGA § 9-3-33. " 'A cause of action will not accrue under the discovery rule until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct.' [*Raymond v. Ely Lilly & Co.*, 117 N.H. 164, 170-171 (317 A2d 170)]." *King v. Seitzingers, Inc.*, 160 Ga. App. 318, 320 (287 SE2d 252).

In the case sub judice, plaintiffs Mary Ellen Thomason, Richard Thomason, Charlie Paul Hicks and Vicki Mae Thomason Pressley contend the trial court erred in granting summary judgment to Gold Kist, arguing that the two-year statute of limitation did not begin to run against them until after March 24, 1988, when they were diagnosed with symptoms consistent with Chlordane poisoning. This argument is without merit.

The test for determining when the statute of limitation began to run against plaintiffs is not when they were diagnosed with symptoms consistent with Chlordane poisoning, it is when they suspected that their alleged injuries " 'may have been caused by [Gold Kist's] conduct.' [*Raymond v. Ely Lilly & Co.*, 117 N.H. 164, 170, 171, supra]." *King v. Seitzingers, Inc.*, 160 Ga. App. 318, 320, supra. See *Boyd v. Orkin Exterminating Co.*, 191 Ga. App. 38, 41 (3) (381 SE2d 295). Compare *Andel v. Getz Svcs.*, 197 Ga. App. 653, 654 (1) (399 SE2d 226). Nonetheless, plaintiffs Mary Ellen Thomason, Richard Thomason, Charlie Paul Hicks and Vicki Mae Thomason Pressley argue that genuine issues of material fact remain as to the time when the statute of limitation began to run on their personal injury claims.

" ' "When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made, but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial. (Cits.) The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time, the opposing party must come forward with rebuttal evidence or suffer judgment against him. (Cit.)" (Cit.)' *Jenkins v. Roper Corp.*, 185 Ga. App. 219 (363 SE2d 625) (1987)." *Wheat v. First Union Nat. Bank*, 196 Ga. App. 26, 27 (2) (395 SE2d 351).

(a) Plaintiff Mary Ellen Thomason gave a deposition and testi-

fied that she started using Chlordane in July of 1982 and that she and other members of her family "got sick right after [she] started spraying [the chemical]."[1] Mrs. Thomason further testified that she stopped using Chlordane in 1986 when she and her daughter (plaintiff Vicki Mae Thomason Pressley) became ill after spraying Chlordane. Mrs. Thomason testified that she contacted "The Poison Control Center" and was informed that "she wasn't suppose to spray the house with it" and that Chlordane "could cause you to have all kinds of problems." Mrs. Thomason testified that she then contacted the Environmental Protection Agency and was informed that Chlordane was not for household use, but that it was only to be used underground. Plaintiff admitted that she placed a telephone call to Gold Kist on August 19, 1986, and she testified in her deposition that she talked to a man at Gold Kist "[a]fter [she] found out [Chlordane] was bad. . . ." Business records of "the National Pesticide Telecommunications Network" show that on August 21, 1986, Mrs. Thomason admitted to a representative of that agency that her medical problems and the medical problems of the Thomason children seemed to be related to the Chlordane she purchased from Gold Kist. Mrs. Thomason also admitted that she contacted a physician on August 21, 1986, and discussed having her children tested for Chlordane poisoning. An agent for Stephenson filed an affidavit and deposed that on "August 27, 1986, [plaintiff] Mary Ellen Thomason called Stephenson Chemical Company, Inc. [and] asked for an air test of her home specifically for Chlordane."

(b) Plaintiff Richard Thomason gave deposition testimony that his health started deteriorating (headaches, rash, dizziness, excessive perspiration, cramping feet and sinus problems) after 1982; that he suspected Chlordane to be the cause of his problems "about three years . . ." before May 12, 1989; that his wife (plaintiff Mary Ellen Thomason) talked to him "about calling the EPA and the Poison Control Center[; that] she [told him] what she learned" and that he submitted to a blood test in August of 1986 "[b]ecause we had sprayed [with Chlordane] and we [were] trying to find out what was wrong with us." Mr. Thomason also testified that he was present when Stephenson tested his home on October 7, 1986, and that he was then aware that the test was "[t]o see how much Chlordane was in it."

(c) Plaintiff Charlie Paul Hicks gave deposition testimony that he resided with his sister (plaintiff Mary Ellen Thomason) between 1982

---

[1] Mrs. Thomason explained that she experienced sinus infections; that her daughters (plaintiffs Vicki Mae Thomason Pressley and Vanessa Marie Thomason) experienced ear infections, throat problems and upper respiratory infections and that her husband (plaintiff Richard Thomason) experienced sinus problems and headaches.

and 1986; that he helped spray the Thomason house for bugs "two or three times . . ." during 1983 and 1984 and that he became ill (headaches, vomiting, dizziness and diarrhea) shortly after spraying a chemical insecticide. Mr. Hicks further testified that he was present on October 7, 1986, when Stephenson tested the Thomason house for the presence of Chlordane and that he then suspected Chlordane to be the cause of his physical deterioration.

(d) Plaintiff Vicki Mae Thomason Pressley gave deposition testimony that she resided with her parents (plaintiffs Mary Ellen Thomason and Richard Thomason) until her marriage in 1984; that she started having recurrent physical problems (dizziness, diarrhea, nausea, miscarriage and migraine headaches) after her mother sprayed Chlordane in the Thomason house and that in "June or July" of 1986 she was informed by her mother that "there was a health hazard [in the Thomason house] as a result of spraying the [insecticide]."

The above evidence is not rebutted and it proves that plaintiffs Mary Ellen Thomason, Richard Thomason, Charlie Paul Hicks and Vicki Mae Thomason Pressley suspected that Chlordane was the cause of their injuries more then two years before the October 14, 1988, complaint against Gold Kist. Consequently, the trial court did not err in granting summary judgment in favor of Gold Kist on these plaintiffs' personal injuries claims.

2. Plaintiffs contend the trial court erred in dismissing the case against Stephenson based on the two-year limitation period of OCGA § 9-3-33.

Plaintiffs filed their complaint on October 14, 1988, less than two years after Stephenson sent plaintiff Mary Ellen Thomason the November 19, 1986, letter wherein it was reported that the Thomason house has no "problem with regard to exposure to chlordane or other chlorinated hydrocarbon termiticides." Consequently, plaintiffs' claim that they relied on this report to their detriment is not barred by the two-year limitation period of OCGA § 9-3-33. Further, Stephenson has not pierced the allegation that its report to plaintiff Mary Ellen Thomason was inaccurate and that plaintiffs relied on the report to their detriment. Consequently, the trial court erred in granting Stephenson's motion for summary judgment and dismissing plaintiffs' claims against Stephenson. See *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874 (2) (392 SE2d 535).

*Judgment affirmed in part and reversed in part. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 28, 1991.

*Simmons & Toliver, A. Leroy Toliver, James C. Simmons*, for

appellants.

McGinn, Webb & Warner, James H. Webb, Jr., Richard P. Lindsey, Alston & Bird, Jay D. Bennett, Richard R. Hays, for appellees.