## A92A1854. CAMELOT CLUB CONDOMINIUM ASSOCIATION, INC. et al. v. BONNER.
### (428 SE2d 625)

Johnson, Judge.

This is an appeal from a denial of a motion for summary judgment. Construing the evidence in the light most favorable to Deborah Bonner, the respondent, the facts are as set out below.

Bonner lived in a unit at Camelot Club, a residential condominium complex. At the entrance to the complex is a gate operated by an attendant. The condominium rules and gate attendant procedures provide that no guest will be permitted to enter Camelot unless the attendant telephones the resident being visited and receives the resident's authorization for the guest to enter. Camelot asserts that an exception to this procedure is its unwritten policy that employees shall cooperate with the police and that a police officer, upon showing his badge to the gate attendant, shall be allowed to enter the complex without permission from a resident.

Bonner dated Anthony Lawhorn, a police officer employed by the City of College Park. Lawhorn had visited Bonner at Camelot on numerous occasions. Timothy Sams, a gate attendant employed by Camelot, knew that Lawhorn was a police officer and that Lawhorn had a personal relationship with Bonner. Sams had allowed Lawhorn to enter the complex on many occasions, both with and without Bonner's permission. Whenever Sams reached her by telephone, Bonner always gave permission for Lawhorn to enter the premises. On those occasions when Bonner did not answer her telephone, Sams nevertheless allowed Lawhorn into the complex because he was a police officer. Neither Sams nor Camelot ever received a complaint from Bonner that Sams should not have allowed Lawhorn to enter.

On the evening of May 26, 1990, officer Lawhorn, who was not on duty, went to Camelot to see Bonner. Sams was attending the gate when Lawhorn arrived. He telephoned Bonner's unit to obtain her permission to allow Lawhorn's entry, but Bonner did not answer.

Sams nevertheless allowed Lawhorn to enter, as he had done on several prior occasions without incident. Lawhorn went to Bonner's unit, kicked in the door, and beat and raped Bonner. Lawhorn was arrested and charged with rape, aggravated assault, and burglary. While in jail awaiting trial, he committed suicide.

Bonner filed this lawsuit against the Camelot Club Condominium Association, Inc. and Sams, alleging that Sams was negligent in failing to follow the condominium rules, that Sams' negligence amounted to a breach of contract, and that the association negligently trained Sams. The trial court denied the defendants' motion for summary judgment, finding that there are genuine issues of material fact as to the duty owed by the defendants to Bonner. The court also denied the association's motion to compel discovery. We granted the defendants' application for interlocutory review.

1. Appellants contend that the court erred in finding that there is a genuine issue of fact as to whether they owed a duty to Bonner. We need not address the issue of duty. We assume for purposes of this appeal that the appellants owed some duty, contractual or otherwise, to Bonner, and we further assume that they breached that duty, either by Sams' failure to follow the condominium rules or by the association's inadequate training of Sams. Nevertheless, the appellants would not be liable to Bonner under the particular facts of this case.

"It is the duty of a proprietor to protect an invitee from injury caused by the misconduct of employees, customers, and third persons if there is any reasonable apprehension of danger from the conduct of said persons or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence. Ordinarily, even where the proprietor's negligence is shown, he would be insulated from liability by the intervention of an illegal act which is the proximate cause of the injury. However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed." (Citations and punctuation omitted.) *Savannah College of Art &c. v. Roe*, 261 Ga. 764, 765 (2) (409 SE2d 848) (1991). Camelot and Sams are insulated from liability because of the intervening criminal acts of Lawhorn, which they could not have reasonably foreseen.

We recognize that if a defendant undertakes to do more for the benefit of another person than the law requires, he may be liable if he negligently performs that undertaking. *Lau's Corp. v. Haskins*, 261 Ga. 491 (3) (405 SE2d 474) (1991); *Adler's Package Shop v. Parker*, 190 Ga. App. 68, 70-72 (1) (b) (378 SE2d 323) (1989). Such negligence, however, does not eliminate the need to determine whether an intervening criminal act was reasonably foreseeable. In addressing this issue, "[n]ot what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the

key to the question of reasonableness." (Citations and punctuation omitted.) *Adler's Package Shop v. Parker*, supra at 69 (1) (a). Based on the record, we look to the undisputed facts known by Sams at the time he allowed Lawhorn to enter the complex without Bonner's permission on May 26, 1990. Sams knew that Lawhorn was a police officer. He knew that Lawhorn had a personal relationship with Bonner and had visited her during the entire eight months that Sams had worked at Camelot. He knew that Lawhorn had been admitted to the property on numerous occasions, both with and without permission, without incident. Sams also knew that there had never been any complaints about Lawhorn's behavior in the complex. There is no competent evidence in the record that Bonner ever informed Sams or anyone else at Camelot of any prior abuse by Lawhorn.[1] Moreover, there is no evidence in the record that any prior incidents similar to Lawhorn's assault of Bonner have ever occurred at Camelot.[2]

Based on the foregoing undisputed facts, the association and Sams made a prima facie showing that they are entitled to judgment as a matter of law because Lawhorn's criminal acts were not reasonably foreseeable. The burden of proof then shifted to Bonner to come forward with rebuttal evidence. *Thomason v. Gold Kist*, 200 Ga. App. 246, 247 (1) (407 SE2d 472) (1991). The record is devoid of any such evidence creating a factual issue as to whether Sams or the association could have reasonably apprehended that Bonner was at risk of a violent attack. The court therefore erred in denying the appellants' motion for summary judgment.

2. Because of our decision in Division 1, we need not address the remaining enumerations of error.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

---

[1] We note that Bonner's roommate made a hearsay statement at her deposition that Bonner told her that on one occasion she called the Camelot gate and told the guard not to let Lawhorn into the complex. Bonner herself gave no such testimony and the parties have not addressed the roommate's statement in their briefs. Therefore, we presume that there is no dispute that the statement is irrelevant to our consideration of this appeal. On a motion for summary judgment, inadmissible hearsay statements may not be used to create a genuine issue of material fact. *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 65 (2) (a) (397 SE2d 576) (1990). Even if this hearsay statement were admissible, it does not create an issue of fact as to the foreseeability of Lawhorn's criminal acts; the roommate does not know who Bonner supposedly spoke to and the roommate does not claim that Bonner told the guard that Lawhorn was not to be admitted because he had previously abused her. In fact, Bonner herself testified at her deposition that she never discussed prior incidents of abuse by Lawhorn with anyone except her roommate.

[2] A former supervisor of property patrol at Camelot testified at his deposition that he had never heard of any rapes occurring at Camelot, though he was informed of one burglary. The prior burglary is irrelevant to our analysis because it is not substantially similar to the violent assault which is the basis of this litigation. See *Savannah College of Art*, supra at 765; *Shell Oil Co. v. Diehl*, 205 Ga. App. 367 (1) (422 SE2d 63) (1992).

*Duncan & Mangiafico, Edgar S. Mangiafico, Jr., Leslie P. Becknell*, for appellants.
*Pearl & Associates, Alfonza Pearl, Douglas E. Pack*, for appellee.