## A95A1136. HARRISON v. DIGITAL EQUIPMENT CORPORATION et al.

### (465 SE2d 494)

McMurray, Presiding Judge.

Plaintiff Harrison began working for defendant Digital Equipment Corporation in 1982. In 1989, plaintiff was assigned to work in a newly constructed building. Defendant Heery International, Inc. was the architect for the new building which was constructed by defendant Beers Construction Company.

Immediately upon transfer to the new building, plaintiff began to notice physical, mental, and emotional reactions to the environment of the new building and reported this to her employer. In January 1990, plaintiff's physician ordered her out of the building because of the possibility that she was suffering from reactive elements of the building. Plaintiff was transferred to another facility and her symptoms abated to some degree, but not entirely. Whenever plaintiff returned to the new building, she would suffer an adverse reaction. In September 1990, plaintiff filed a workers' compensation claim. In January 1991, plaintiff provided a medical statement concerning her physical problems and was placed on medical disability the following month. Plaintiff remained on medical disability until August 1991, when, with the consent of her physician she attempted to resume working in the new building on a monitored basis. Plaintiff immediately began to suffer her previous symptoms and returned to disabled status after three weeks. After a similar attempt by plaintiff to resume working in the new building which lasted two weeks in March 1992, plaintiff was transferred to another building.

On May 6, 1994, plaintiff filed this action against the defendants alleging that they caused physical injury to her by negligently designing or constructing the new building, or by negligently causing her to work in a dangerous and harmful environment, and by fraudulently concealing their negligence. On September 21, 1994, the superior court entered an order granting the motion to dismiss of defendant Heery International, Inc. An order entered November 4, 1994, granted the motions to dismiss of defendants Digital Equipment Corporation and Beers Construction, Inc. Plaintiff appeals the grant of the defendants' separate motions to dismiss for failure to state a claim upon which relief may be granted, albeit these motions appear to have been converted to motions for summary judgment by the superior court's consideration of evidence outside the pleadings. *Held*:

We must affirm since plaintiff's action against each of the defendants was barred by the statute of limitation. The statute of limitation applicable to an action for personal injury is a period of two years. OCGA § 9-3-33. The primary issue presented here is determination of when that period commenced.

Plaintiff's cause of action accrued when, in the exercise of reasonable diligence, she discovered or should have discovered that she had been injured and that her injury may have been caused by defendants' conduct. *Thomason v. Gold Kist*, 200 Ga. App. 246, 247 (1) (407 SE2d 472). In the case sub judice, it is well established that plaintiff was aware that she was suffering some type of injury in 1989 or early 1990. In regard to the second prong of this test, the filing of a workers' compensation claim in September 1990 shows that by that date plaintiff had knowledge that the new building may have been a cause of her injuries. Thus, the statutory period began to run more than two years prior to the filing of this action. A specific and accurate diagnosis of plaintiff's affliction was not necessary to begin the running of the statute of limitation. *Thomason v. Gold Kist*, 200 Ga. App. 246, 247 (1), supra. See also *Nowell v. Fain*, 174 Ga. App. 592, 593 (330 SE2d 741); *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252).

Nonetheless, plaintiff maintains that the running of the statute of limitation was tolled by the fraud of the defendants. Two items are noted by the plaintiff as constituting fraud, first, statements made by defendant Digital Equipment Corporation's physician that the building could not be the cause of plaintiff's symptoms and, second, the withholding from plaintiff of certain environmental studies conducted on the building. However, neither of these circumstances constitutes such a trick or artifice as would mislead or hinder plaintiff from obtaining information under the circumstances of the case sub judice. *Blalock v. Anneewakee, Inc.*, 206 Ga. App. 676, 679 (2) (426 SE2d 165). Indeed, the plaintiff's reliance appears to have been placed upon the opinions of her own physician rather than upon the circumstances she now cites as evidence of fraud. See *Bryant v. Crider*, 209 Ga. App. 623, 627 (3) (434 SE2d 161). Plaintiff's contention of a tolling of the statute of limitation for fraud lacks merit, and we decline to accept her contention that the case sub judice may be factually distinguishable from the previous cases.

The superior court was correct in holding that plaintiff's action against each of the defendants was barred by the statute of limitation. Consequently, plaintiff's remaining enumerations of error are moot.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED NOVEMBER 29, 1995 —
RECONSIDERATION DENIED DECEMBER 14, 1995 — 

Brenda Harrison, *pro se.*
*Drew, Eckl & Farnham, G. Randall Moody, Douglas T. Lay,*

Varner, Stephens, White & Humphries, Paul M. Talmadge, Jr., Vaughan & Murphy, C. David Vaughan, Ellen G. Schlossberg, for appellees.