A94A2233. KILLEBREW v. SUN TRUST BANKS, INC.
(472 SE2d 504)

POPE, Presiding Judge.

In *Killebrew v. Sun Trust Banks,* 216 Ga. App. 159 (453 SE2d 752) (1995), we reversed the trial court's grant of summary judgment for defendant bank on the grounds that a prior similar crime on the premises, reported to the police but not to the bank, created a jury question regarding the bank's awareness of the risk of crime at its automatic teller machine ("ATM"). The Supreme Court granted certiorari and reversed our decision on this issue in *Sun Trust Banks v. Killebrew,* 266 Ga. 109 (464 SE2d 207) (1996). Concluding that a jury question exists regarding the bank's superior knowledge of the dan-

---

ger at this ATM even in the absence of knowledge of a similar crime at that location, we again reverse the trial court's grant of summary judgment for the bank.

1. In a premises liability case involving the criminal act of a third party, the first question is whether the criminal act was foreseeable, as the plaintiff cannot show his damages were proximately caused by the landowner's negligence if it was not. See, e.g., *Camelot Club Condo. Assn. v. Bonner*, 207 Ga. App. 634 (1) (428 SE2d 625) (1993). Evidence that the landowner knew of a similar crime at the same location is one way to establish foreseeability. See *Savannah College of Art & Design v. Roe*, 261 Ga. 764 (2) (409 SE2d 848) (1991). But it is not the only way to do so. In *Lau's Corp. v. Haskins*, 261 Ga. 491, 492-493 (405 SE2d 474) (1991), for example, the Supreme Court relied in part on evidence that the landowner knew the business was located in a high crime area in concluding that an issue of fact existed regarding whether the risk of violent criminal activity was foreseeable. See also *Wallace v. Boys Club &c.*, 211 Ga. App. 534, 536, n. 2 (439 SE2d 746) (1993), in which we noted that an absolute requirement of a similar crime at the same location would "create the equivalent of a 'one free bite rule' for premises liability cases."

As Justice Sears points out in her special concurrence in this case, the dangers of ATMs are well known and undeniable. See *Sun Trust Banks v. Killebrew*, 266 Ga. 109, 110. In the face of this well-documented reality, it would be difficult to say that a criminal occurrence at an ATM is unforeseeable as a matter of law. Indeed, such a conclusion could be reached only by turning "foreseeability" into a legal term of art totally divorced from its meaning in every day usage. Accordingly, the grant of summary judgment based on lack of foreseeability/proximate cause in this case was improper.

2. The analysis does not end here, however. Once the plaintiff in a premises liability case clears the proximate cause hurdle, he still must show that the landowner had a duty to protect him, and the existence of a duty depends not just on foreseeability, but on *superior knowledge*. See *Days Inns of America v. Matt*, 265 Ga. 235 (454 SE2d 507) (1995); *Lau's Corp. v. Haskins*, 261 Ga. 491. If a criminal act is not foreseeable, it logically follows that the landowner does not have superior knowledge of the danger of its occurrence. But even if the criminal act is foreseeable, it does not necessarily follow that the landowner has superior knowledge, since the danger may be equally apparent to the plaintiff.

Arguably, that is just the situation presented in many ATM cases. Criminal activity is foreseeable, and the general danger of criminal activity at ATMs is apparent to the bank. But the danger of criminal activity is equally apparent to the plaintiff as a member of the public — *unless* the bank has specific knowledge leading to an

awareness that a particular ATM is even more dangerous than it appears to members of the public based on their general knowledge.

In this case, there is evidence from which a jury could conclude that defendant bank had this specific (and thus superior) knowledge. The bank stationed an employee in the parking lot who looked like a security guard, but who was in fact there only to prevent patrons at nearby restaurants from parking on the bank's property. Thus, it appeared to the public that defendant bank's ATM was protected and more secure than other ATMs (and many may have patronized that ATM because of that misleading appearance), but the bank knew that it was not. Based on this evidence of superior knowledge, we conclude that a grant of summary judgment based on the landowner's lack of duty was also improper. Thus, the trial court's grant of summary judgment is reversed.

3. Looking at the bank's false security guard from a slightly different perspective, the evidence of his presence also gives rise to a jury question with respect to an alternative cause of action based on § 311 of the Second Restatement of Torts: one who negligently conveys false information and thereby causes physical harm to another who reasonably relies on that information is liable for such harm. See *Sun Trust Banks v. Killebrew*, 266 Ga. 109, 113. (Sears, J., concurring specially). For this reason as well, the grant of summary judgment was error.

*Judgment reversed. McMurray, P. J., and Smith, J., concur in judgment only.*

DECIDED JUNE 10, 1996 — ▮

*Robert C. Koski*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Frederick M. Valz III, William G. Pike, Jr., Philip P. Taylor*, for appellee.