[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12687
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 03, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-02999-CV-WSD-1

RICHARD W. DRAKE,

Plaintiff-Appellant,

versus

WILLIAM H. WHALEY,
WEST PACES FERRY MEDICAL CLINIC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 3, 2009)

Before TJOFLAT, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

In 1993, Delta Air Lines terminated the employment of flight attendant Richard

W. Drake after a random drug test of Drake's urine came back positive for an

adulterant. Defendant William H. Whaley was Delta's Medical Review Officer and oversaw its drug testing program. Drake alleges that, in 1993, Whaley negligently performed his duties related to the drug test. (R.1-17 at 3.) Drake also alleges that, from 1994 through 2000, Whaley fraudulently concealed his involvement in handling the drug test and conspired with Delta to withhold from Drake documents related to the test. (*Id.* at 13.)

In 1994, Drake filed the first of several lawsuits against Delta related to his termination and alleged irregularities with the drug test in the Eastern District of New York; ultimately, all were dismissed. In 2001, Drake first filed suit against the defendants in this case, Whaley and the West Paces Ferry Medical Clinic,[1] in the Eastern District of New York. He asserted claims arising out of the drug test and termination that occurred eight years prior to the filing of the lawsuit. In September 2008, the court dismissed the suit against Whaley and the Clinic, without prejudice, for lack of personal jurisdiction. *Drake v. Laboratory Corp. of America Holdings*, No. 02-CV-1924, 2008 WL 4239844 (E.D.N.Y. Sept. 11, 2008).

Two weeks later, Drake filed a complaint in the Northern District of Georgia against the same defendants asserting claims for negligence, tortious interference with

---

[1]Plaintiff does not make specific allegations against West Paces Ferry Medical Clinic except that Whaley was the owner of the clinic and used it to perform Medical Review Officer functions for Delta.

economic relations, misrepresentation, negligent infliction of emotional distress, spoliation of evidence, and conspiracy arising out of the 1993 drug test and termination. That court held Drake's claims were all time barred by the statute of limitations and dismissed the case. Drake appeals, arguing (1) the court erred in concluding collateral estoppel did not bar the Defendants from re-litigating the issue of equitable tolling; and (2) the district court erred in finding the doctrine of equitable tolling did not apply to toll the limitations period.[2]

## I. Collateral Estoppel

Prior to dismissing Drake's suit against Whaley and the Clinic for lack of personal jurisdiction, the United States District Court for the Eastern District of New York denied the defendants' motions to dismiss the case based on the statute of limitations, finding Drake's allegations were sufficient to state a claim for equitable tolling and that the issue would be left to be decided at trial. *Drake*, 2007 WL 776818, at *8. Drake argues that collateral estoppel attaches to this interim ruling to bar the Defendants from re-litigating the statute of limitations issue in the suit filed in the Northern District of Georgia.

---

[2]Drake also argues the court erred in allowing the Defendants to introduce for the first time in their reply brief the argument that collateral estoppel did not apply to toll the limitations period. This argument is wholly without merit.

"Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits . . . involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973 (1979) (citation omitted). The district court properly held collateral estoppel does not apply to this case for two reasons. First, because it lacked personal jurisdiction over the Defendants, the District Court for the Eastern District of New York was not a competent court of jurisdiction; it could not decide the issue of equitable estoppel. Second, even if jurisdiction were proper, the court's ruling was not a critical and necessary part of a final judgment. It denied a motion to dismiss but left the issue to be decided at trial. Therefore, the District Court for the Northern District of Georgia did not err when it held collateral estoppel did not apply to prevent the Defendants from asserting Drake's claims were barred by the statute of limitations.

## II. Equitable Estoppel

A cause of action accrues when a plaintiff, in exercising reasonable diligence, should have discovered that he was injured and that the injury "may have been caused by defendant's conduct." *Harrison v. Digital Equip. Corp.*, 465 S.E.2d 494, 495 (Ga. App. 1995) (citation omitted). Unless equitably tolled, Drake's claims accrued when Delta terminated his employment in December 1993. He first filed suit against

Whaley and the Clinic in 2001, several years after the statute of limitations for his causes of action expired. (R.1-17 at 9.) He contends equitable estoppel extends the limitations periods on his claims so they are not time barred.

Under Georgia law, if the defendant is "guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." O.C.G.A. § 9-3-96. Generally, "[c]oncealment of the cause of action must be by positive affirmative act and not by mere silence." *Fed. Ins. Co. v. Westside Supply Co.,* 590 S.E.2d 224, 229 (Ga. App. 2003) (quotation and citation omitted). "In the absence of a fiduciary relation, even fraud will not prevent a suit from being barred, where the plaintiff has failed to exercise reasonable diligence to detect such fraud." *Bates v. Metro. Transit Sys.*, 197 S.E.2d 781, 782 (Ga. App. 1973) (citations omitted).

Drake claims that, from 1994 to 2000, he repeatedly requested from Delta all records relating to his drug test, but Delta and Whaley ignored his requests until they were compelled by the Federal Aviation Authority to produce documents in February 2000. (R.1-17 at 13.) He argues that even though he never personally asked Whaley for information, Whaley nonetheless perpetrated a "fraud by silence" by withholding information and documents that would have allowed Drake to prosecute his claims

in a timely manner. (*Id.*)  He also alleges Whaley fraudulently concealed his role in handling Drake's drug test.  (*Id.*)

It is undisputed that, in 1994, Drake knew that Whaley was Delta's Medical Review Officer and that Whaley had received a report from a drug testing lab indicating Drake's urine sample was unsuitable for testing.  (R.1-17 at 18.)  It is also undisputed that, in November 1993, Whaley telephoned Drake and told him there was a problem with his drug test.  (*Id.*)  Approximately six weeks after the telephone conversation, Delta terminated Drake's employment because of the results of the test.  (*Id.* at 3-4.)  Thus, seven years prior to filing suit against Whaley and the Clinic, Drake knew he had suffered an injury concerning a test of his urine and that Whaley was involved in the testing process.  Further, as discussed on pages sixteen through nineteen of the district court's order (R.1-17 at 16-19), Drake does not present sufficient evidence of fraudulent concealment to apply the doctrine of equitable tolling.

Finding that Drake's cause of action accrued in 1994, and finding insufficient evidence of fraud to toll the statute of limitations, we do not consider whether Drake exercised reasonable diligence to discover the cause of action.  The district court did not err in holding Drake's claims are barred by the statute of limitations and that the limitations periods are not equitably tolled.

6

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment.

AFFIRMED.